IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IRVING COURTLEY JONES, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| 1260 HOUSING DEVELOPMENT | : | NO. 18-1420 |
| CORPORATION, | : | |
|     Defendant. | : | |

## MEMORANDUM

**DITTER, J.**                                                                                                       **APRIL 11, 2018**

Plaintiff Irving Courtley Jones, proceeding *pro se*, has filed this civil action against the 1260 Housing Development Corporation. He has also filed a motion to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Jones leave to proceed *in forma pauperis*, dismiss his Complaint, and provide leave to amend.

**I.    FACTS**

In his Complaint, Mr. Jones alleges that he is a "mature African American male of 62 years of age." (Compl. at 6.) On October 2, 2017, "defendant, 1260 Housing Development Corp., also known as Mission First Housing, Inc. a private contractor and property manager of section 8 housing units for Philadelphia Housing Authority, knocked on the door of [his] apartment." (*Id.*) Mr. Jones contends that three (3) individuals "demanded that [he] vacate the premises." (*Id.*) Mr. Jones recognized one of the individuals as the property manager and another as the maintenance worker. (*Id.*) The third individual "wore a holstered pistol and claimed he was from the sheriff's department." (*Id.*)

Mr. Jones "closed the door and locked it." (*Id.*) However, the individuals opened the door and "the employee with the holstered gun entered the apartment." (*Id.*) Mr. Jones

demanded that he leave, but the employee "upholstered [sic] his weapon and pointed the loaded revolver in the plaintiff's face." (*Id.*) Mr. Jones "managed to get to the telephone and called 911 and Ron Harper, esq. an attorney, [he] had worked with as a member of the NAACP." (*Id.*) Shortly thereafter, police arrived on scene. (*Id.*) "After speaking to the lawyer, [Mr. Jones] was urged to leave the apartment because 'you don't want to lose your life.'" (*Id.*)

Public dockets reflect that the 1260 Housing Development Corporation brought an eviction suit against Mr. Jones in the Philadelphia Municipal Court. Mr. Jones appealed the outcome of that proceeding to the Court of Common Pleas for Philadelphia.[1] *See generally 1260 Housing Development Corp. v. Jones*, Docket No. 171000304 (Phila. Ct. Common Pleas). On November 29, 2017, Judge Anders denied Mr. Jones's petition to open the judgment. *Id.* Mr. Jones filed a motion for reconsideration, which was denied by Judge Anders on January 3, 2018. Mr. Jones subsequently appealed to the Superior Court of Pennsylvania. *1260 Housing Development Corp. v. Jones*, 360 EDA 2018 (Pa. Super. Ct.). On March 29, 2018, the Superior Court quashed Mr. Jones's appeal, noting that the order denying his motion for reconsideration was not appealable and did not extend the appeal period relative to the order which denied Mr. Jones's petition to open the judgment. *Id.*

Mr. Jones now contends that "[d]espite a [42 U.S.C. §] 1985 violation the Pa. Commonwealth states that it cannot reach the merits of the case because under the English common law it does not have proper jurisdiction." (Compl. at 7.) He "feels his rights have been denied and the Pennsylvania Court has erred." (*Id.*) Mr. Jones "demands a day in court." (*Id.*)

---

[1] The Municipal Court proceedings are not publicly available and therefore cannot be accessed by the Court. However, Mr. Jones has attached to his Complaint a copy of his brief to the Superior Court of Pennsylvania. It appears that the 1260 Housing Development Corporation initiated eviction proceedings against Mr. Jones and that the Municipal Court entered a default judgment.

## II. STANDARD OF REVIEW

The Court will grant Mr. Jones leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees necessary to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As Mr. Jones is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Request for Review of State Case

As noted above, Mr. Jones contends that the "Pennsylvania Court has erred." (Compl. at 7.) Essentially, Mr. Jones wants this Court to review the state courts' decisions in the eviction proceedings brought against him by the 1260 Housing Development Corporation. Pursuant to the *Rooker-Feldman* doctrine, however, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.*

at 166 (quotations omitted). To the extent Mr. Jones seeks review and reversal of any of the orders entered by the state courts in the eviction proceedings, the Court lacks jurisdiction to do so.

### B. Claims Under 42 U.S.C. § 1985

Mr. Jones vaguely alludes to a violation of 42 U.S.C. § 1985 by the 1260 Housing Development Corporation. "[T]o state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997); *Farber v. City of Paterson*, 440 F.3d 131, 136 (3d Cir. 2006) (explaining that "§ 1985(3) defendants must have allegedly conspired against a group that has an identifiable existence independent of the fact that its members are victims of the defendants' tortious conduct").[2] While Mr. Jones seems to suggest that the 1260 Housing Development Corporation conspired against him and mentions that he is African-American, he fails to allege the type of race- or class-based discrimination that is required to state a claim under § 1985(3). Therefore, the Court will dismiss Mr. Jones's § 1985(3) claim as well.[3]

---

[2] Section 1985(1) and 1985(2) have no applicability here, as nothing in the Complaint suggests that Mr. Jones was either an officer who was prevented from performing his duties or was deterred from attending a court proceeding to testify therein.

[3] Review of the appellate brief Mr. Jones attached to his Complaint reveals that he asserted a § 1985 violation in that brief. At this juncture, however, the Court cannot determine whether his § 1985 claim would be barred by *res judicata*.

### C. Claims Under the Fair Housing Act

While Mr. Jones does not explicitly refer to it, it is possible that he is attempting to also raise a claim under the Fair Housing Act. The Fair Housing Act renders it unlawful "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). Again, however, while Mr. Jones mentions that he is African-American, nothing in the Complaint suggests that the 1206 Housing Development Corporation evicted him based upon his race. Thus, to the extent Mr. Jones asserts claims under the Fair Housing Act, those claims will also be dismissed.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant Mr. Jones's motion to proceed *in forma pauperis* and will dismiss his Complaint. This dismissal is without prejudice to Mr. Jones's right to file an amended complaint within thirty (30) days in the event that he can cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows, which shall be docketed separately.